### STATE v. ANN JONES.

Court of Quarter Sessions. November, 1794.

*Wilson's Red Book, 32.*

Rebecca West, produced as a witness for the State, was objected to by *Wilson* who showed a record of a conviction and judgment against the witness for the same offense, and offered to prove her the same person who was whipped and pilloried.

*Miller,* who acted for the attorney general, urged a difference between an infamous punishment and an infamous crime. The former would not hinder the competency of a witness, but the latter would; and that no crime is infamous, unless it includes the *crimen falsi,* and read notes of a like case before this court in Dover where a person had been convicted of fornication.

*Wilson* replied that he found no authority for the distinction set up by the gentleman, though it is true the cases generally include a crime of deceit; that the case formerly decided by this

---

[1] Footnote by Wilson, "The Court cited a case out of [3] Wilson's Reports, p. [403] about throwing a squib in the market."

court was not the present case; that there are many worthy members of society who in their youth have been convicted of fornication; that the present record of conviction was of an offense truly infamous, after which a person never could be received as a member of society, but must be ranked with Negroes who are not competent witnesses against white people.

PER CURIAM. This objection goes to the credibility and not to the competency; the difference of the punishment in the one case from that in the other does not alter the case.

Verdict for the State. And defendant was put in the pillory and whipped.

*N.B.* *Vide* Leach 382, 383, 2 Wils. 18, 5 Mod. 75.